**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

KELSEA HOLTON, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

GREATER GOODS, LLC.,

Defendant.

Case No.: 2 5 - 2 8 6

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Kelsea Holton ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits the following for his Complaint against Greater Goods, LLC., ("Greater Goods", or "Defendant") and alleges upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1.      Plaintiff brings this class action lawsuit as an individual who purchased Defendant's Greater Goods Digital Kitchen Scales, models: 0480, 0455, 0456, 0458, 0473, 0479, 0481, 0747, 0748, 0749, 0751, 0752, 0754, (hereafter, "Product(s)" or "Scale(s)"), for normal use.

2.      Unfortunately, the Products violate the mandatory federal regulations for consumer products containing button cell or coin batteries.  The scale has a lithium coin battery that can be easily accessed by children, and a spare coin battery provided with the product not in child resistant packaging, as required by Reese's Law.[1]

---

[1] https://www.cpsc.gov/Recalls/2025/Greater-Goods-Recalls-Digital-Kitchen-Scales-Due-to-Ingestion-Hazard-Violations-of-Reeses-Law-Federal-Safety-Regulations-for-Consumer-Products-with-Coin-Batteries-and-Child-

3.    These violations pose an ingestion hazard. The recalled Scales also do not have the required warnings.[2]

4.    To reiterate, the Products include models: 0480, 0455, 0456, 0458, 0473, 0479, 0481, 0747, 0748, 0749, 0751, 0752, 0754 and are labeled with a sticker with the brand and model printed on the back and come in gray, black, blue, green, pink, red, silver and white colors. The Greater Goods logo is located on the top of the front panel of the scale. The scales come with a lithium CR3032 coin battery pre-installed and a spare CR3032 battery in the packaging.[3]

5.    Each of the Products are manufactured, distributed, marketed, and sold by Defendant to consumers across the United States at major retail outlets such as Amazon and Walmart.

6.    The Product is defective because the Scale is powered by a small button cell battery that can be easily accessed by children posing an ingestion hazard.

7.    The packaging failed to provide an adequate warning of this potential hazard to consumers.

8.    Plaintiff purchased the Product, while lacking the knowledge that the Product was defectively designed and posed a hazard to his minor children and pets.

9.    Because Plaintiff was injured by the Product, along with all consumers that purchased this dangerous product, they have suffered losses.

10.    As a result of the above losses, Plaintiff seeks damages and equitable remedies.

**PARTIES**

11.    Plaintiff Kelsea Holton is a resident of Iowa. She purchased a Greater Goods Kitchen Scale for personal use.

---

Resistant-Coin-Battery-Packaging
[2] *Id.*
[3] *Id.*

12.     Defendant, Greater Goods, LLC., is a Missouri Corporation headquartered at 4427 Chouteau Ave Saint Louis, MO. The defendant designs, manufactures, markets and sells consumer electronic related products, including the Kitchen Scales, nationwide.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C.§1332, because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, there are more than 100 putative class members in the proposed class, and there is minimal diversity because Plaintiff and Defendant are citizens of different states.

14.     This Court has personal jurisdiction over Defendant because Defendant is domiciled in this District, has substantial aggregate contacts with this District, including engaging in conduct in this District that has a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons throughout the United States, and because they purposely availed themselves of the laws of the United States and Missouri and have caused its products to be disseminated in this District.

15.     Venue in this District and Court is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the conduct or omissions giving rise to Plaintiff's claims occurred in this District, Defendant is domiciled in this District, and Defendant has intentionally availed itself of the laws and markets within this District.

## FACTUAL ALLEGATIONS

16.     This Class Action arises from Defendant's design, manufacturing, marketing, and distribution of the above listed models of Kitchen Scales.

17.     Defendant manufactured and sold the Scales from May 2023 to September 2024.[4]

18.     The Scale is powered by a small button cell battery which can be easily accessed by children posing an ingestion hazard.

19.     Ingesting these batteries can cause significant injuries, including death, which poses a grave risk of harm to owners' children and pets.

20.     The packaging of the product also fails to include adequate warnings for these risks.

21.     The Scale's button cell battery is not enclosed in child-resistant packaging.

22.     As such, the Product contains a significant defect: it allows easy access to its button cell battery, posing severe hazards in violation of federal safety laws and regulations. This includes, but is not limited to, violating Reese's Law, 16 CFR Part 1263, 16 CFR 1700.15 and 16 CFR 1263.4.

23.     The Defendant marketed the Product without adequate safety warnings, failing to disclose the significant risks associated with defective packaging.

24.     The defective product was sold at major retailers and online platforms, as well as directly on its own website.  As such, consumers reasonably relied upon the Defendant's implied representation regarding its safety.

25.     Upon information and belief, the Scale's price was around $10.00. Plaintiff purchased a Digital Food Scale Digital Weight Grams and Ounces by Greater Goods within the last year from Amazon.com. Plaintiff used the product in the manner in which it was intended to be used.

---

[4] *Id.*

4

26.     Upon information and belief, nearly 350,000 of these Scales, have been recalled[5] because they were not properly packaged with child restraint packaging and do not bear the required warnings.

27.     The Plaintiff has _____ minor children and __pets?___that were exposed to this ingestion hazard.



**Greater Goods' Misrepresentations and Omissions are Actionable**

---

[5] *Id.*

28.    Plaintiff bargained for a Product that was safe to use.  Defendant's design exposed minor children and pets to a safety hazard. As a result of the ingestion risk, Plaintiff, and all others similarly situated, were deprived the basis of their bargain given that Defendant sold them a product that could easily expose minor children and pets to significant injuries and possibly death if they ingested the button cell battery. This dangerous ingestion risk, inherent to the Scale, renders them unmerchantable and unfit for their normal intended use.

29.    The Products are not fit for their intended use by humans as they expose consumers to an ingestion hazard. Plaintiff is further entitled to damages for the injury sustained in being exposed to such danger, damages related to Defendant's conduct, and injunctive relief.

## PLAINTIFF'S FACTUAL ALLEGATIONS

30.    Plaintiff bought Digital Food Scale Digital Weight Grams and Ounces by Greater Goods for personal use.

31.    On the date of the Products' recall by Greater Goods, January 30, 2025[6], Plaintiff was in possession of Defendant's product. Plaintiff intended to purchase a Product that would be safe for normal use but instead was sold a dangerous ingestion hazard jeopardizing the safety of her children and pets.

32.    If Plaintiff had been aware of the risk the ingestion of the easily accessible batteries posed to children and pets in the Products, she would not have purchased the Product or would have paid significantly less.

33.    As a result of Defendant's actions, Plaintiff has incurred damages.

---

[6] *Id.*

## CLASS ACTION ALLEGATIONS

34.    Plaintiff brings this nationwide class action individually, and on behalf of all similarly situated individuals who purchased the select Greater Goods Kitchen Scales in the United States between May 2023 and September 2024, pursuant to Rule 23(b)(1), (b)(2), and (b)(3), of the Federal Rules of Civil Procedure.

35.    The Class that Plaintiff seeks to represent is defined as follows:

**Nationwide Class: All individuals who purchased a Greater Goods Kitchen Scale Models: 0480, 0455, 0456, 0458, 0473, 0479, 0481, 0747, 0748, 0749, 0751, 0752, and 0754 in the United States from May 2023 through September 2024.**

**Missouri Subclass: All individuals in the State of Missouri who purchased a Greater Goods Kitchen Scale Models: 0480, 0455, 0456, 0458, 0473, 0479, 0481, 0747, 0748, 0749, 0751, 0752, and 0754 in the United States from May 2023 through September 2024.**

36.    Plaintiff reserves the right to amend the definitions of the Classes or add a Class or Subclass if further information and discovery indicate that the definitions of the Classes should be narrowed, expanded, or otherwise modified.  The proposed class satisfies the requirements of Rule 23 of the Federal Rules of Civil Rules of Civil Procedure as follows:

37.    Numerosity: The members of the Classes are so numerous that joinder of all members is impracticable, if not completely impossible. Upon information and belief, over 349,000 units of the product were sold and recalled nationwide.

38.    Commonality: There are questions of fact and law common to the Classes that predominate over any question affecting only individual members. Those questions, each of which may also be certified under Rule 23(c)(4), include without limitation:

a.    whether Defendant's advertising, merchandising, and promotional materials directed to Plaintiff were deceptive regarding the risks posed by Defendant's Products;

b. whether Defendant made representations regarding the safety of the Products;

c. whether Defendant omitted material information regarding the safety of the Products;

d. whether Defendant's Products were merchantable;

e. whether Defendant violated the consumer protection statutes invoked herein; and

f. whether Defendant was unjustly enriched by sales of the Products.

39.     The questions set forth above predominate over any questions affecting only individual persons concerning sales of Defendant's Products throughout the United States and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of Plaintiff's claims.

40.     Typicality: Plaintiff's claims are typical of the claims of the Class as Plaintiff and all Class members were harmed by the same defective product.

41.     Adequacy: Plaintiff will fairly and adequately represent and protect the interests of the Class Members in that Plaintiff has no disabling conflicts of interest that would be antagonistic to those of the other Class Members. Plaintiff seeks no relief that is antagonistic or adverse to the Class Members and the infringement of the rights and the damages suffered are typical of other Class Members. Plaintiff has retained counsel experienced in complex class action and litigation, and Plaintiff intends to prosecute this action vigorously.

42.     Superiority and Manageability: The class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will

permit many Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim against large corporations, like Defendant. Further, even for those Class Members who could afford to litigate such a claim, it would still be economically impractical and impose a burden on the courts.

43.     The nature of this action and the nature of laws available to Plaintiff and Class Members make the use of the class action device a particularly efficient and appropriate procedure to afford relief for the wrongs alleged because Defendant would necessarily gain an unconscionable advantage since Defendant would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff was exposed is representative of that experienced by the Classes and will establish the right of each Class Member to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

44.     The litigation of the claims brought herein is manageable. Defendant's uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class Members demonstrates that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

45.     Adequate notice can be given to Class Members directly using information maintained in Defendant's records.

46.     Unless a Class-wide injunction is issued, Defendant may continue in its failure to sell this, or similar products with a defective design and without adequate warning.

47.     Further, Defendant has acted on grounds that apply generally to the Classes as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class-wide basis.

## CAUSES OF ACTION

### COUNT I
**Breach of Express Warranty**
**(On Behalf of the Class)**

48.     Plaintiff incorporates paragraphs 1-47 as if fully set forth herein.

49.     Plaintiff, and each member of the Classes, formed a contract with Defendant at the time they purchased the Products.

50.     The terms of the contract include the promises and affirmations of fact made by Defendant on the Products' packaging and through marketing and advertising.

51.     This labeling, marketing, and advertising constitute express warranties and became part of the basis of the bargain and are part of the standardized contract between Plaintiff and the members of the Classes and Defendant.

52.     As set forth above, Defendant purports through its advertising, labeling, marketing, and packaging, to create an express warranty that the Product is safe for its intended use.

53.     Plaintiff and the members of the Classes performed all conditions precedent to Defendant's liability under this contract when they purchased the Products.

54.     Defendant breached express warranties relating to the Products and their qualities because Defendant's Product possessed the possibility to of an ingestion hazard, even when correctly used, at the time of purchase and the Products do not conform to Defendant's affirmations and

10

promises described above.

55.     Plaintiff and each member of the Classes would not have purchased the Products had they known the true nature of the risk of using the Product.

56.     As a result of Defendant's breach of warranty, Plaintiff and each Class Member suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## COUNT II
### Breach of Implied Warranty
### (On Behalf of the Class)

57.     Plaintiff incorporates paragraphs 1-47 as if fully set forth herein.

58.     Defendant is a merchant and was at all relevant times involved in the manufacturing, distributing, warranting, and/or selling of the Products.

59.     The Products are "goods" under the relevant laws, and Defendant knew or had reason to know of the specific use for which the Products, as goods, were purchased.

60.     Defendant entered into agreements with retailers to sell its Products to be used by Plaintiff and Class Members for personal use.

61.     The implied warranty of merchantability included with the sale of each Product means that Defendant guaranteed that the Products would be fit for the ordinary purposes for which scales are used and sold and were not otherwise injurious to consumers. The implied warranty of merchantability is part of the basis for the benefit of the bargain between Defendant, and Plaintiff and the Class Members.

62.     Defendant breached the implied warranty of merchantability because the Products are not fit for their ordinary purpose of providing reasonably reliable and safe operation for users because the Products have a risk of children and pets ingesting a button cell battery. Therefore, the

11

Products are not fit for their particular purpose.

63.     Plaintiff and the Class Reasonably relied on the Defendant's implied warranty when purchasing the Greater Goods Kitchen Scale.

64.     Had Plaintiff, Class Members, and the consuming public known that the Product's design would expose minor children or pets to an ingestion hazard, they would not have purchased the Products or would have paid less for them.

65.     As a direct and proximate result of the foregoing, Plaintiff and Class Members suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

## COUNT III
### Unjust Enrichment

66.    Plaintiffs incorporate the allegations set forth in Paragraphs 1-47 as though set forth fully herein.

67.    Plaintiffs bring this claim against Defendant on behalf of themselves and the other members of the Nationwide Class (the "Class").

68.    Plaintiffs, and the other members of the Class, conferred a monetary benefit upon Defendant by purchasing the defective scales either directly or through major online or in-person retail outlets. These payments were not gifts or donations but were made in exchange for products that were falsely represented as safe and reliable.

69.    Defendant voluntarily accepted and retained these benefits. Defendant manufactured, marketed and distributed the defective scales without adequate warnings of the known defect.

70.    The benefit was obtained unlawfully by Defendant distributing a Product with accessible batteries that can be easily swallowed by children and pets, leading to serious injury and possibly death.  Retaining these profits without disclosing the defect or refunding consumers is unjust and

inequitable.

71.    The Defendant received revenues from the sales of these defective scales at the expense of Plaintiffs and the Classes, who would not have purchased the scales had they been aware of the defect. The labeling and marketing of the Products by Defendants were misleading and caused direct economic harm and risk of injury to Plaintiffs and the Class.

72.    Defendant has been unjustly enriched by retaining the revenues derived from the sales of scales with defective batteries. Retention of these revenues is inequitable because Defendant failed to disclose the known risks associated with their products, thereby misleading consumers and endangering their safety.

73.    Plaintiffs and the members of the Classes seek restitution of the monies conferred upon Defendant as a result of their unjust enrichment. Defendant should be required to disgorge the profits obtained from the sale of scales equipped with defective batteries and provide restitution to Plaintiffs and the Classes, as ordered by the Court.

**COUNT IV**
**Strict Liability – Failure to Warn**
**(On Behalf of the Class)**

74.    Plaintiff incorporates paragraphs 1-47 as if fully set forth herein.

75.    Defendant had a duty to warn Plaintiff and the Class Members regarding the Defect and the true risks associated with the Products.

76.    Defendant was in a superior position to know of the Defect, yet as outlined above, chose to do nothing when the defect became known to them.

77.    Defendant failed to provide adequate warnings regarding the risks of the Products after knowledge of the Defect was known only to them.

78.    Defendant had information regarding the true risks but failed to warn Plaintiff and

13

members of the Classes to strengthen their warnings.

79.      Despite their knowledge of the Defect and obligation to unilaterally strengthen the

warnings, Defendant instead chose to actively conceal this knowledge from the public.

80.      Plaintiff and members of the Classes would not have purchased, chosen, and/or

paid for all or part of the Products if they knew of the Defect and the risks of purchasing the

Products.

81.      This Defect proximately caused Plaintiff's and Class Members' damages.

82.      The Plaintiff and Class Members have suffered damages in an amount to be

determined at trial and are entitled to any incidental, consequential, and other damages and other

legal and equitable relief, as well as costs and attorneys' fees, available under law.

## COUNT V
### Strict Liability – Design Defect
### (On Behalf of the Class)

83.      Plaintiff incorporates paragraphs 1-47 as if fully set forth herein.

84.      Plaintiffs brings this claim against Defendant on behalf of themselves and the other

members of the Nationwide Class (the "Class").

85.      The design of the recalled kitchen scales was defective and unreasonably

dangerous, making the Products unsafe for consumer use.

86.      The risk of ingestion of a lethal battery by children and pets while Plaintiffs and

Class Members used the Products posed a serious risk of injury or property damage.

87.      The design defect rendered the Products not reasonably fit, suitable, or safe for their

intended purpose, violating consumer safety expectations.

88.      The risk of harm outweighed the benefits of the Products, making them

unreasonably dangerous to consumers.

89.     There were alternative, safer designs available, including other scales that did not contain lethal batteries that were easily accessible by children or pets, meaning Defendant had the ability to manufacture a safer product but failed to do so.

90.     Defendant could have implemented safer design modifications that would have reduced or eliminated the fire risk, such as improved thermal management systems, enhanced safety circuits, or better casing materials, but failed to do so.

91.     Because the Products were unreasonably unsafe and did not perform as an ordinary consumer would expect, they should not have been sold to consumers.

92.     Defendant is strictly liable for selling the defective Product, as strict liability applies to all entities in the chain of distribution.

93.     Plaintiffs and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, and all costs and attorneys' fees available under law.

## COUNT VI
### Negligent Failure to Warn
### (On Behalf of the Class)

94.     Plaintiff incorporates paragraphs 1-47 as if fully set forth herein.

95.     Plaintiff brings this claim against Defendant, on behalf of himself and the other members of the Class.

96.     Defendant owed Plaintiff and Class Members a duty of care and to warn of any risks associated with the Products.

97.     Defendant knew or should have known of the defect but failed to warn Plaintiff and members of the Classes.

98.     Plaintiff had no way of knowing of the Product's latent defect as an ordinary

consumer would pose an ingestion hazard to his children and pets.

99.     Defendant's breach of duty caused Plaintiff and Class Members economic damages and injuries.

100.    Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees, available under law.

## COUNT VII
### Negligent Design Defect
### (On Behalf of the Class)

101.    Plaintiff incorporates paragraphs 1-94 as if fully set forth herein.

102.    Plaintiff brings this claim against Defendant, on behalf of himself and the other members of the Class.

103.    Defendant owed Plaintiff and the Classes a duty to design the Products in a reasonable manner.

104.    The design of the Products was defective and unreasonably dangerous, causing a safety hazard whereby minor children and pets could have ingested the cell button batteries suffering injury.

105.    The design of the Products caused them to be not fit, suitable, or safe for their intended purpose. The dangers of the Products outweighed the benefits and rendered the products unreasonably dangerous.

106.    There are other Kitchen Scales whose design does not pose this safety risk.

107.    The risk/benefit profile of the Products was unreasonable, and the Products should have had stronger and clearer warnings or should not have been sold in the market.

108.    The Products did not perform as an ordinary consumer would expect.

16

109.    The Defendant's negligent design of the Products was the proximate cause of damages to the Plaintiff and the Class Members.

110.    Plaintiff and Class Members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, and other damages and other legal and equitable relief, as well as costs and attorneys' fees, available under law.

## COUNT VIII
### Negligence
### (On Behalf of the Class)

111.    Plaintiff incorporates paragraphs 1-47 as if fully set forth herein.

112.    Plaintiff brings this claim against Defendant, on behalf of himself and the other members of the Class.

113.    Defendant owed a duty to consumers to produce a product that was safe for its intended use.

114.    Defendant breached this duty by producing a product that was dangerous for its intended use. Defendant knew or should have known the Kitchen Scale's design made the button cell batteries easily accessible by minors.

115.    As a direct result of this breach, Plaintiff suffered injury in that Plaintiff has been deprived of their benefit of the bargain. Plaintiff's injuries were caused in fact by Defendant's breach. But for Defendant's negligent manufacture and improper oversight, Plaintiff would not have been injured.

116.    Further, Plaintiff's injuries were proximately caused by Defendant's breach. It is foreseeable that a poorly designed battery cell cause injury if the battery was ingested if accessed by a child.

## COUNT VIII
### Violation of a Federal Regulation
### (On Behalf of the Class)

117.    Plaintiff incorporates paragraphs 1-47 as if fully set forth herein.

118.    Defendant was required to utilize packaging that meets the requirements of Reese's law, 16 CFR § 1263.4, and 16 CFR § 1700.15 when any button cell or coin battery is sold, offered for sale, manufactured for sale, distributed in commerce, or imported into the United States, or included separately with a consumer product sold, offered for sale, manufactured for sale, distributed in commerce, or imported into the United States.

119.    The defendant failed to provide child resistant packaging and required safety warnings for the Greater Goods Kitchen Scale.

120.    Defendant was aware of applicable federal safety regulations and failed to comply with them.

121.    Defendant's breach of duty caused harm to the Plaintiff and Class. Such failure to comply with federal safety regulations constituted a reckless indifference for the rights and safety of Plaintiff and the Class.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the other members of the Classes alleged herein, respectfully request that the Court enter judgment in his favor and against Defendant as follows:

A.    For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representatives for the Classes and Plaintiff's attorneys as Class Counsel;

18

B.      For an order declaring the Defendant's conduct violates the causes of action referenced herein;

C.      For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

D.      For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

E.      For prejudgment interest on all amounts awarded;

F.      For an order of restitution and all other forms of equitable monetary relief;

G.      For injunctive relief as pleaded or as the Court may deem proper; and

H.      For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all claims in this Complaint and of any and all issues in this action so triable as of right.

Dated: March 7, 2025.                    Respectfully submitted,

**CAREY DANIS & LOWE**

By: /s/ *James J. Rosemergy*
James J. Rosemergy #111477
8235 Forsyth Boulevard, Suite 1100
St Louis, MO 63105
314-725-7700
Fax: 314-721-0905
Email: jrosemergy@careydanis.com

-AND-

Paul J. Doolittle (*Pro Hac Vice* Forthcoming)
**POULIN | WILLEY | ANASTOPOULO**

32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536
Email: paul.doolittle@poulinwilley.com
        cmad@poulinwilley.com